In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-310 CR


____________________



GARRY LEE, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Court Cause No. 01-08-5258 CR






MEMORANDUM OPINION


 This is an appeal from a conviction by a jury for the felony offense of burglary of
a habitation. Appellant pleaded true to enhancement allegations and was assessed
punishment at confinement in the Institutional Division of the Texas Department of
Criminal Justice for a term of forty-five years. Appellant was also assessed a fine in the
amount of $5,000. Three issues are raised on appeal. Appellant attacks the legal and
factual sufficiency of the evidence to support his conviction, and also complains of a ruling
by the trial court during the course of an objection under Tex. R. Evid. 403. 

 Under both his legal and factual insufficiency issues, appellant asserts the State
failed to prove his identity as the perpetrator of the burglary, and failed to prove
appellant's "intent" to commit the underlying felony of aggravated assault. During its
case-in-chief, the State called the complainant, S.B., who positively identified appellant
as the man she saw inside her home on the day in question, and further testified that
appellant pointed a silver revolver directly at her and her son. S.B. further testified that
when she saw the revolver she "was just in complete terror," and "felt very threatened."
The State additionally presented the testimony of S.B.'s neighbor, T.K., who also observed
appellant on the same day of the burglary when he rang T.K.'s doorbell inquiring about
lawn maintenance. T.K. was unequivocal in her identification of appellant as the man she
observed at her home near the time of the burglary. Both S.B. and T.K. testified about
a distinct physical feature possessed by appellant that aided them in identifying him as the
perpetrator: he had very bad teeth. 

 Appellant took the witness stand in his defense and denied being the burglar
identified by S.B.; he presented testimony of his whereabouts on the day in question. 
During the course of his testimony, appellant was impeached with a number of prior felony
convictions, including aggravated robbery, aggravated sexual assault, and burglary of a
habitation. Appellant also admitted lying to the police when being questioned about his
connection to a handgun similar to the one described by S.B. as the weapon appellant
pointed at her. 

 In reviewing a challenge to the legal sufficiency of the evidence, we view the
evidence in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). As factfinder, the jury may
accept or reject any or all evidence. See Saxton v. State, 804 S.W.2d 910, 914 (Tex.
Crim. App. 1991). That the defendant presents a different factual version does not render
the evidence insufficient. Anderson v. State, 701 S.W.2d 868, 872-873 (Tex. Crim. App.
1985); Thompson v. State, 12 S.W.3d 915, 920 (Tex. App.--Beaumont 2000, pet. ref'd.). 
 When reviewing the factual sufficiency of the evidence, we must decide whether a
neutral review of all the evidence, both for and against the jury's verdict, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the factfinder's
determination. And we consider whether the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). We set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. State, 958 S.W.2d 404;
410 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).

 The evidence is both legally and factually sufficient to prove appellant's identity as
the perpetrator of the burglary on the day in question. He was positively identified. 
Appellant provided a description of his actions and whereabouts on the day of the burglary,
and he named several individuals he had contact with on the day in question. But he
produced no corroborating evidence from any source. Furthermore, the evidence of
appellant's prior convictions, as well as his having lied to police, effectively impeached
his testimony, permitting any rational trier of fact to reject his alibi. 

 We reject appellant's argument that there is no evidence of his "intent" to
"threaten" S.B. with imminent bodily injury. "Intent" is a fact issue which is usually
established by circumstantial evidence and inferred from the acts, words, and conduct of
the accused. See Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998); (mental
culpability usually inferred from circumstances surrounding an act); Dues v. State, 634
S.W.2d 304, 305 (Tex. Crim. App. 1982) (intent inferred from accused's acts, words,
conduct). The act of openly brandishing a weapon in the presence of S.B. was clearly
sufficient proof of appellant's intent to "threaten" S.B. with imminent bodily injury. The
evidence strongly indicated that appellant knew of S.B.'s presence, as S.B. testified she
was screaming to her husband on the telephone that someone was in her house. Indeed,
S.B. stated that appellant was a mere three feet from her son when she screamed, "He's
got a gun." The record contains legally and factually sufficient proof of appellant's
"intent" to threaten S.B. After reviewing all the evidence, we conclude that there is both
legally and factually sufficient evidence to sustain the verdict. Issues one and two are
overruled. 

 Issue three complains of error by the trial court in refusing appellant's request to
develop his Rule 403 objection out of the jury's presence. See Tex. R. Evid. 403. The
record reflects that as the State was about to call their fingerprint witness, Butch Emmons
of the Montgomery County Sheriff's Department, the following exchange took place: 

 THE COURT: Yes sir?


 [Trial Counsel]: Judge, this individual will testify about the fingerprint
that was found on that pistol, and I'm going to object to his testimony on the
basis that this - they've not put on any evidence that this fingerprint was put
on that pistol at or near the time of this burglary that was supposed to have
occurred. And I'm going to object that it's more prejudicial than probative
in this instance, with respect to whether or not my client was involved in this
burglary or not.


 THE COURT: You're entitled to make any objection you choose.


 [Trial Counsel]: Well, I'm objecting to his testimony on that basis.


 THE COURT: I haven't heard any testimony. Don't even know who
he is yet.


 [Trial Counsel]: Okay, could we take this matter up outside the
presence of the jury?


 THE COURT: I decline the invitation.


 [Trial Counsel]: Alright.


At the point in Emmons' testimony where appellant's fingerprint was about to be identified
on the handgun, trial counsel interposed the following objection: 

 [Trial Counsel]: Your Honor, I'm going to object at this time, that
this testimony is more prejudicial than probative to the issues of this case. 
This piece of evidence was not developed out of this particular case here.


 THE COURT: Your objection is overruled. I note your exception to
the Court's ruling. You may proceed. . . .


 Although somewhat unclear, it appears the scope of appellant's complaint under
issue three includes a violation by the trial court in failing to allow appellant to develop his
Rule 403 objection out of the jury's presence, and a violation of Rule 403 by the trial court
in permitting evidence that was otherwise irrelevant to be introduced to the jury, the
evidence being substantially more unfairly prejudicial than probative. A reviewing court
may not reverse a trial court when the lower court's ruling on a Rule 403 objection, either
admitting or excluding evidence, was within the "zone of reasonable disagreement." 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)(op. on reh'g). See
also Sunbury v. State, 88 S.W.3d 229, 235 (Tex. Crim. App. 2002) ("Zone of reasonable
disagreement" doctrine applies when trial court exercises its discretion under Rule 403 and
weighs probative value against the risk of unfair prejudice.). 

 As the State correctly points out, evidence that appellant had possessed a weapon
similar to the one identified by the complainant in the burglary was relevant and material
to the issue of appellant's identity as the perpetrator under Tex. R. Evid. 401 (i.e.,
"evidence having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable . . . than it would be without the evidence"). 
While otherwise relevant evidence may nevertheless be excluded under a Rule 403
analysis, we cannot say the trial court's ruling was outside the zone of reasonable
disagreement. Trial counsel cross-examined Emmons on Emmons' inability to determine
how long appellant's partial print was on the handgun and on Emmons' lack of knowledge
as to when and where the handgun had been recovered. Appellant later testified to his
version of how his fingerprint came to be found on the gun. We conclude the trial court
did not err in permitting Emmons' testimony regarding the fingerprint results. See Tex.
R. Evid. 103(a).

 As for any error committed by the trial court in failing to conduct a hearing out of
the jury's presence, we find appellant has waived this portion of issue three for review. 
Although not technically falling under Rule 103(a)(2) and (b) of the Rules of Evidence,
appellant should have attempted to make an offer of proof as to what specifically he was
not permitted to elicit from Sergeant Emmons in any hearing out of the jury's presence. 
The state of the present record would require speculation on our part as to how appellant
was going to show evidence of his fingerprint on the silver revolver was inadmissible
under Rule 403. Furthermore, appellant has not shown how he was harmed by the failure
to conduct a hearing out of the jury's presence. We overrule issue three. The judgment
and the sentence of the trial court are affirmed.

 AFFIRMED. 

 __________________________________

 DAVID B. GAULTNEY

 Justice 


Submitted on August 4, 2003

Opinion Delivered August 14, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.