Donald Peter SUNBURY, Appellant,

v.

The STATE of Texas.

No. 183–01.

Court of Criminal Appeals of Texas.

Oct. 23, 2002.

Don D. Becker, Houston, for Appellant.

Betty Marshall, Assistant State's Attorney, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

MEYERS, J., delivered the unanimous opinion of the Court.

Appellant pled guilty to the offense of robbery and elected to proceed to trial before the jury on punishment. Punishment was assessed at fifteen years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. The Court of Appeals reversed the portion of the judgment assessing punishment and remanded the case to the trial court for another punishment hearing. *Sunbury v. State*, 33 S.W.3d 436 (Tex.App.-Houston [1st Dist.] 2000). We granted the State Prosecuting Attorney's petition for discretionary review to determine whether it is "an abuse of discretion for a trial court to exclude from the jury at punishment the sentences recently assessed by two other juries for similar offenses by the same defendant." We will affirm the judgment of the Court of Appeals.

### I.

In Cause Number 783,323 appellant was charged with the robbery of Latisha Rodriguez. Appellant entered a plea of guilty and elected to proceed to trial before the jury on punishment. Prior to the commencement of voir dire, the State made an oral motion in limine seeking to bar appellant from mentioning or alluding to the outcome of two previous robbery cases for which appellant had recently been prosecuted since the convictions in the two cases were not final.[1] The trial court granted the State's motion.[2]

Sixteen witnesses were called by the State during the trial on punishment. The State sought to prove through twelve of these witnesses that appellant had committed the two robberies that were the subject of the State's motion in limine, as well as five other robberies, about the same time and in the same manner as the robbery for which appellant was currently on trial.

Prior to taking the stand, appellant asked that he be able to apprise the jury of the fact that he had already been sentenced in the two robberies. The State once again objected to the introduction of the evidence. The following exchange took place:

State: Again, your Honor, my response is the same. Under that, conviction means a final conviction. These convictions are not final as of yet. They still have over 20, I believe it's over 20 days left to file motions or notice of appeal on these cases, so the convictions are not

---

1. In the first trial, a jury found appellant guilty and assessed punishment at nine years' imprisonment. In the second trial, appellant entered a plea of guilty and the trial court assessed punishment at twenty years' imprisonment to run concurrently with the punishment assessed in the first trial.

2. The State argued: "I'm going to have an oral motion in limine that the defense counsel not mention, allude in any way, shape or form what has happened on the two previous robbery cases. The convictions are not final. The 29 [sic] year one I know he gave notice of appeal. As far as I'm concerned, the convictions are not final and I ask that they not be mentioned, alluded to or in any way or form

front [sic] of the jury or any of the facts gone into any [sic] voir dire." Prior to the start of the punishment trial, the State once again requested that appellant not mention the punishment assessed for the prior robbery convictions: "As a matter of housekeeping, I again urge my motion in limine that [the defense] not allude, mention nor in any way question the witnesses as to what they have previously testified to in a prior trial or the fact that [appellant] has been previously found guilty or that he has previously plead guilty to one of these cases to the Court and that these are not final convictions and they are not necessary to be brought in front of the jury's attention and not proper."

final. 3707 is talking about final convictions of the defendant.

Appellant: Your Honor, the statute says prior criminal record. The term "final convictions" does not come up. If [the State] wants to argue to the jury that he has time to appeal, that would render our argument moot. In any event, it's prior criminal record. Before 1993 [the State] would have been correct. The Legislature changed the law. [The State] can bring up almost anything concerning prior criminal record and there is nothing [appellant] can do about it. Extremely misleading not to let the jury know what happened in two of the prior to [sic] cases tried in this court, misleading to the jury, not enable them to arrive at appropriate sentence. We would like for [appellant], when he's on the stand, to testify—the State will have a chance to cross examination, apprise the jury of the fact that the convictions are not final.

Trial Court: What leave are you requesting?

Appellant: Pursuant to the State's Motion in Limine that we be permitted to ask [appellant] about his previous cases, the disposition of those cases, and the fact that he has plead guilty on one, found guilty in another, and he's been sentenced in both cases, once by the Court and once by a jury, let the jury know exactly what he got. It would be greatly helpful to the jury, Judge.

State: Again, when they talk about criminal record, they were talking about final convictions. If I were to bring up conviction on appeal I could not do that. I would need to bring in the witnesses and prove it up as extraneous offense. I don't believe this is relevant to the jury's sentencing. I believe they have been made aware of all of his acts and they can sentence accordingly and, again, I'm going to object to them knowing as to his prior sentences on the other two cases.

Appellant: One other thing. The State opened the door. The State introduced evidence not of convictions but the underlying crimes, which is doubly misleading to the jury. All these crimes, the fact that she brought in witnesses and proved up to two earlier offenses where he's been found guilty, pled guilty, and the jury has to find out what finally happened, that is part of his prior criminal record and that is specifically allowed by the statute. Nothing in there about final convictions.

If I'm missing something I wish the State would show me where I'm missing it.

Trial Court: In the event of appeal I'm sure we will all understand the law better.

The Motion in Limine stands as ordered previously.

Following two days of witness testimony, the jury assessed punishment at fifteen years' imprisonment. The trial court subsequently granted the State's motion to cumulate appellant's sentence, thereby ordering the fifteen-year sentence to commence upon completion of the two other robbery convictions.

## II.

Appellant argued on appeal that the trial court erred in prohibiting him from introducing evidence of his two prior robbery convictions, thus resulting in a fundamentally unfair trial. In order to determine whether the trial court had erred by excluding the punishment evidence, the Court of Appeals explained that it would first have to determine if:

When the trial court admits punishment evidence offered by the State to prove beyond a reasonable doubt that appel-

lant committed a number of similar robberies within days of the robbery being tried, is rebuttal evidence offered by appellant to show the jury that he has already been assessed punishment for two of the other robberies a matter "relevant to sentencing" under section 3(a) of article 37.07? *Sunbury*, 33 S.W.3d at 441. Relying on *Mendiola v. State*, 21 S.W.3d 282 (Tex. Crim.App.2000) and *Rogers v. State*, 991 S.W.2d 263 (Tex.Crim.App.1999), the Court of Appeals concluded that in order to determine what was "relevant to sentencing," a court has to look at what evidence would assist a jury in determining the appropriate punishment in a particular case. *Sunbury*, 33 S.W.3d at 441. In making such a determination, the Court of Appeals explained, courts should also consider policy reasons when determining relevance in the sentencing context. *Id.* at 441–42. Taking policy reasons into consideration, particularly the policy of optional completeness, the Court of Appeals concluded that because the excluded evidence would have been helpful to the jury in its determination of the appropriate punishment to assess, evidence of appellant's two prior robbery convictions was "relevant to sentencing" under article 37.07 § 3(a). Accordingly, it held that the trial court abused its discretion by excluding the evidence. *Id.* at 442.

The State Prosecuting Attorney asserts that the Court of Appeals incorrectly concluded that the trial court abused its discretion by excluding the punishment evidence. First, the State Prosecuting Attorney argues that because it is improper to ask a jury to render a verdict based on what another jury has done, the sentences that appellant received in the other trials should have been excluded. Second, in order for the Court of Appeals to have reached the conclusion that evidence of appellant's prior sentences would "complete" the State's extraneous offense evidence, the State Prosecuting Attorney argues that the Court of Appeals must have incorrectly assumed that the jury would be assessing additional punishment for the extraneous offenses. The State Prosecuting Attorney acknowledges that a jury may assess a harsher penalty based on punishment evidence of a defendant's prior crimes or bad acts. However, citing *Ex Parte Broxton*, 888 S.W.2d 23, 27 (Tex.Crim.App.1994), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995), the State Prosecuting Attorney asserts that: "Any heavier penalty which may result because of the consideration of other criminal conduct is not punishment for the other crimes; rather the existence of the other crimes aggravates the commission of the latest crime and justifies the imposition of a harsher sentence for the charged offense." Thus, the State Prosecuting Attorney contends, while evidence of the other robberies was relevant to the issue of appellant's character, the actual punishment assessed was not relevant to any issue before the jury.

## III.

From the outset, it is important to note that the facts of this case do not dictate that we review the trial court's ruling under an abuse of discretion standard. While the trial court never explicitly stated its reason for excluding the evidence of appellant's prior robbery convictions, we infer from the fact that the court granted the State's motion in limine that it did so based on the State's argument that evidence of non-final convictions is not admissible under article 37.07 § 3(a) of the Texas Code of Criminal Procedure. We conduct an abuse of discretion analysis when reviewing a trial court's discretion in the application of law

to facts, not when we are determining whether the appropriate law has been applied in a particular case. Thus, the sole issue before us is whether as a matter of law, evidence of appellant's non-final sentences was inadmissible under article 37.07 § 3(a).

Article 37.07 § 3(a) is one of the guiding principles for the admissibility of evidence at the punishment phase of a trial. *See Rogers,* 991 S.W.2d at 265 (explaining that in addition to the Rules of Evidence, article 37.07 § 3(a) governs the admissibility of evidence during the punishment stage of a trial). It permits the introduction of relevant punishment evidence, including extraneous offense evidence, by the State and the defendant. Specifically, the statute in question provides in pertinent part:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex.Code Crim. Proc. art. 37.07. § 3(a) (West 1998).[3]

We have explained in the past that determining what evidence should be admitted at the punishment phase of a non-capital felony offense is a function of policy rather than a question of logical relevance. *See Rogers v. State,* 991 S.W.2d at 265; *see also Miller–El v. State,* 782 S.W.2d 892, 895–96 (Tex.Crim.App. 1990); *Murphy v. State,* 777 S.W.2d 44, 63 (Tex.Crim.App.1989) (plurality opinion on rehearing). This is so because

> [t]he facts "of consequence" at the guilt phase of trial are narrowly drawn by or readily extrapolated from penal provisions and statutory justifications. An extraneous offense may be offered as proof of an ultimate fact, such as identity or culpable intent, or it may be offered to establish an evidentiary fact, such as motive, from which an ultimate fact may be inferred. In either case we know what the material issues are because the Legislature has supplied them. Thus we have a fixed point by which to navigate questions of relevance at the guilt phase of trial. The same is not true of the punishment phase. There, aside from certain exceptions, the "factfinder" does not determine the existence of discreet facts. Deciding what punishment to assess is a normative process, not intrinsically factbound. Because the material issue at punishment is so indistinct, relevancy of proffered evidence cannot be determined by deductive processes.

*Murphy,* 777 S.W.2d at 62–63 (plurality opinion on rehearing) (footnote omitted). Some of the policy reasons that should be considered when determining whether to admit punishment evidence include, but are not limited to: giving complete infor-

---

**3.** The version of the statute quoted in the body of this opinion is the version that was effective at the time of appellant's trial. The statute has since been amended with minor changes not relevant to the present discussion. The current version of the above quoted provision is codified in article 37.07 § 3(a)(1).

mation for the jury to tailor an appropriate sentence for a defendant; the policy of optional completeness; and admitting the truth in sentencing. *See Mendiola*, 21 S.W.3d at 285.

■ In *Rogers v. State* we addressed the issue of whether the number of years that a defendant was assessed for prior convictions was relevant evidence at the punishment stage of a trial. The State in *Rogers* introduced three penitentiary packets (pen packets) as permitted by article 37.07 § 3(a) in order to prove the appellant's prior robbery convictions. The pen packets contained the length of the punishment that was assessed in each case. The appellant objected to the introduction of the sentences, arguing that they were irrelevant under Texas Rule of Criminal Evidence 401. *Rogers*, 991 S.W.2d at 264. We granted the appellant's petition for discretionary review to determine, among other things, "whether the number of years a defendant was assessed in a prior conviction is relevant evidence at punishment under Texas Rule of Criminal Evidence 401." *Id.* at 265. We noted that while Rule 401 is helpful to determining what should be admissible under article 37.07 § 3(a), it is not a "perfect fit" in the punishment context. Rather, we explained that determining what is relevant "should be a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Id.* Moreover, we noted that although there is no definition of the term "criminal record" in the statute, it is rea-

sonable that the term would include sentences that the courts assessed for prior convictions. *Id.* Accordingly, we held that sentences assessed for prior convictions are relevant in the context of a jury's decision on punishment. *Id.* at 266.

We find *Rogers* to be instructive in the present case. In order to determine whether the punishment assessed for appellant's prior robbery convictions is admissible under article 37.07 § 3(a), we must first decide if such evidence would have been helpful to the jury in its determination of the appropriate sentence for appellant. *See id.* at 265.

In *Rogers* we explained that the stated objectives of the Texas Penal Code are helpful in determining what is relevant evidence at the punishment phase of a trial. *Id.*[4] Specifically, we noted that one of the objectives of the Penal Code is to ensure the public safety by administering such punishment as is necessary to prevent the recurrence of criminal behavior once a defendant has completed a sentence. *Rogers*, 991 S.W.2d at 266. One of the ways in which this objective can be furthered is by the introduction of the punishment assessed for prior convictions during the punishment phase of a trial. We explained in *Rogers* that when a jury has the task of assessing a sentence for a defendant who has previously been punished for a crime, it is helpful to know the length of the sentence that was too short to prevent the recurrence of criminal be-

4.  Section 1.02 of the Penal Code provides in relevant part:

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:
(1) to insure the public safety through:
  (A) the deterrent influence of the penalties hereinafter provided;
  (B) the rehabilitation of those convicted of violations of this code; and
  (C) such punishment as may be necessary to prevent likely recurrence of criminal behavior . . .

havior by that particular defendant. *Id.* at 266.

Today we follow the reasoning in *Rogers* and hold that the punishment assessed for non-final convictions is relevant evidence during the punishment phase of a trial. Just as it is important that the fact-finder take into account whether the objectives of the Penal Code will be furthered by the imposition of a harsher sentence, it is equally important to take the objectives into consideration when deciding whether any circumstances warrant imposition of a lesser sentence. Informing the jury of the punishment assessed for a defendant's non-final convictions is helpful when making this determination. For example, if the fact-finder is informed that a defendant has recently been punished for an offense similar to the one for which the defendant is currently on trial, then the fact-finder could conclude that a harsher punishment would not assist in the deterrence of future criminal acts. Or, the fact-finder could conclude that the prior sentence is sufficient to ensure the rehabilitation of the defendant.

The State called sixteen witnesses during the punishment trial in appellant's case. Twelve of these witnesses were called for the sole purpose of proving that appellant committed extraneous offenses. The State presented information of appellant's extraneous offenses in order to aid the jury in its decision on punishment. Appellant was likewise entitled to introduce relevant evidence that would have assisted the jury in making a decision based on the correct facts of his case. This included evidence of the punishment assessed in the two robbery cases. We acknowledge that also relevant to the jury's decision on punishment was the fact that appellant could still appeal the robbery convictions. However, this could have been made known to the jury through the State's cross-examination of appellant. Once the jury had all of the information properly before it, it could then determine whether it found this fact to be of consequence.

The State Prosecuting Attorney further argues that even if the excluded testimony had some minimal probative value, such as bolstering appellant's request for probation, the trial court was well within the "zone of reasonable disagreement" in excluding it. *See Montgomery v. State*, 810 S.W.2d 372, 391–92 (Tex.Crim.App.1991) (opinion on rehearing). This "zone of reasonable disagreement," doctrine, however, applies when the trial court exercises its discretion under Rule 403 and weighs probative value against the risk of unfair prejudice. Here, the trial court ruled that the sentences from appellant's former trials were absolutely inadmissible because they were not final convictions. Under that ruling, evidence of the prior sentences was irrelevant under Rule 401. It is that ruling that is incorrect. The prior sentences did have some probative value. The trial judge did not exercise his discretion under Rule 403 and did not weigh probative value against any Rule 403 counterfactors. Had he done so, we would analyze that discretionary ruling under *Montgomery*'s "zone of reasonable disagreement" analysis.

Because the trial court erred in excluding the evidence based on the grounds that the prior sentences were not final convictions, we will affirm the judgment of the Court of Appeals.