In The

Court of Appeals

Ninth District of Texas at Beaumont

____________________

NO. 09-02-469 CR
____________________

CURTIS ALLEN STINNETT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 253rd District Court
Liberty County, Texas
Trial Court Cause No. 23, 820




MEMORANDUM OPINION

         Appellant pleaded guilty before a jury to the first degree felony charge of
aggravated robbery. The jury assessed punishment at confinement in the Texas
Department of Criminal Justice - Institutional Division for a term of twenty years. 
Appellant presents two issues for consideration. The first contends the trial court erred
in admitting evidence of the extraneous offense of evading detention or arrest by using a
motor vehicle. The second contends the trial court erred when it excluded certain evidence
concerning the character of the appellant. 
         The extraneous offense evidence concerns the high-speed chase, including the
involvement of several different law enforcement agencies, following the aggravated
robbery of the Hull State Bank. Appellant objected to this testimony as irrelevant, as
violating Tex. R. Evid. 403, and as violating Tex. R. Evid. 404(b). 
         A plea of guilty to a felony offense before a jury admits the existence of all
incriminating facts necessary to establish guilt. See Wilkerson v. State, 736 S.W.2d 656,
659 (Tex. Crim. App. 1987). Here, the sole issue for the jury was that of punishment. 
White v. State, 866 S.W.2d 78, 80 (Tex. App.--Beaumont 1993, no pet.). The
admissibility of evidence at the punishment phase of a trial is governed in part by statute. 
See Tex. Code Crim. Proc. Ann. art. 37.07, sec. 3 (Vernon Supp. 2003). Sunbury v.
State, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002)(citing Rogers v. State, 991 S.W.2d
263, 265 (Tex. Crim. App. 1999)). Specifically, sec. 3(a)(1) of art. 37.07 provides, in
pertinent part:
 [E]vidence may be offered by the state and the defendant as to any matter
the court deems relevant to sentencing, including but not limited to the prior
criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which
he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of
Evidence, any other evidence of an extraneous crime or bad act that is shown
beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless
of whether he has previously been charged with or finally convicted of the
crime or act. 

By its express wording, sec. 3(a)(1) permits a trial court to admit extraneous offense or
bad act evidence so long as it is shown beyond a reasonable doubt that the defendant
indeed committed the extraneous offense or bad act. Section 3(a)(1) also expressly permits
evidence to be admitted of the circumstances of the offense for which the defendant is
being tried. And Sec. 3(a)(1) provides that the extraneous offense or bad act evidence is
admissible without regard to the provisions of Texas Rules of Evidence 404. 
         In Sunbury, the Court explained “that determining what evidence should be admitted
at the punishment phase of a non-capitol felony offense is a function of policy rather than
a question of logical relevance.” Sunbury, 88 S.W.3d at 233. The unanimous Court
quoted the following from a prior plurality opinion: 
 [T]he facts “of consequence” at the guilt phase of trial are narrowly drawn
by or readily extrapolated from penal provisions and statutory justifications. 
An extraneous offense may be offered as proof of an ultimate fact, such as
identity or culpable intent, or it may be offered to establish an evidentiary
fact, such as motive, from which an ultimate fact may be inferred. In either
case we know what the material issues are because the Legislature has
supplied them. Thus we have a fixed point by which to navigate questions
of relevance at the guilt phase of trial. The same is not true of the
punishment phase. There, aside from certain exceptions, the “factfinder”
does not determine the existence of [discrete] facts. Deciding what
punishment to assess is a normative process, not intrinsically factbound. 
Because the material issue at punishment is so indistinct, relevancy of
proffered evidence cannot be determined by deductive processes.

Id. (quoting from Murphy v. State, 777 S.W.2d 44, 62-63 (Tex. Crim. App. 1989)(opinion
on rehearing)). Ultimately, it is “what is helpful to the jury in determining the appropriate
sentence for a particular defendant in a particular case” that should be the key factor for
the trial court when deciding admissibility of punishment phase evidence. See Rogers, 991
S.W.2d at 265. The jury was entitled to have the complete picture of the events that
transpired during and immediately following the aggravated robbery to which appellant
pleaded guilty so as to be able to tailor an appropriate sentence. See Mendiola v. State,
21 S.W.3d 282, 285 (Tex. Crim. App. 2000). We reject appellant’s Rule 404 and
relevancy arguments. 
         The only remaining question for us to address is whether the probative value of the
extraneous offense evidence elicited by the State for punishment purposes was
“substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.” See Tex. R. Evid. 403. A trial court does not abuse its discretion
in admitting relevant punishment phase evidence in the face of a Rule 403 objection so
long as the decision is within the “zone of reasonable disagreement.” See Sunbury, 88
S.W.3d at 235. In the instant case, we cannot say the trial court abused its discretion.
There is no question appellant committed the offense of evading arrest or detention by use
of a motor vehicle. See Tex. Penal Code Ann. § 38.04(a), (b)(1) (Vernon 2003). The
evidence was closely tied to the offense for which he was convicted. We find no
unfairness and no abuse of discretion in the admission of the extraneous offense evidence. 
Issue one is overruled.
         Issue two complains of “cumulative error” in the trial court’s exclusion of a number
of instances of evidence of appellant’s character. The record reflects appellant called some
seventeen witnesses in his behalf, including himself. In his brief, appellant refers to
various places in the record where he contends his witnesses were prevented from
testifying to facts or circumstances that would have apparently aided his punishment
defense. We say “apparently” because, as the State points out, appellant failed to preserve
this issue for appellate review; no offer of proof was made. See Tex. R. Evid. 103. The
record does not include the evidence sought to be admitted. We may not find error from
the exclusion of evidence unless an offer of proof in sufficient form is present in the
record. Id. Issue two is overruled. The trial court’s judgment and sentence are affirmed.
         AFFIRMED.
                                                               ___________________________________
                                                                           DAVID B. GAULTNEY
                                                                                       Justice

Submitted on October 6, 2003
Opinion Delivered October 8, 2003
Do Not Publish

Before McKeithen, C.J., Burgess, and Gaultney, JJ.