Affirmed and Memorandum Opinion filed November 18, 2003









Affirmed and Memorandum Opinion filed November 18,
2003.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01106-CR

NO.
14-02-01107-CR

____________

 

DAMON BRYAN DEEL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st
District Court

Washington County, Texas

Trial Court Cause Nos. 13,587
and 13,630

 



 

M E M O R A N D U M  
O P I N I O N








Appellant pleaded guilty to three counts of delivery of a
controlled substance and one count of possession of a controlled substance with
intent to deliver.  The trial court
sentenced appellant to seventeen years= confinement in the Texas
Department of Corrections, Institutional Division, for one of the counts of
delivery of a controlled substance, and ten years= confinement in the Texas
Department of Corrections, Institutional Division, for each of the remaining
counts, with the sentences to run concurrently. 
In a single point of error, appellant contends the trial court erred in
admitting evidence of alleged extraneous offenses and bad acts in the
punishment phase of the trial.  We
affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2002, a confidential informant purchased
approximately 1.5 grams of methamphetamine and 2 grams of cocaine from
appellant.  On February 5, 2002, the
informant purchased approximately 27 grams of cocaine from appellant.  After the latter purchase, officers from the
Brenham Police Department drew up a search warrant for the hotel room that
appellant occupied. 

While the search warrant was being drawn up, the officers
kept appellant under surveillance.  They
observed a purchase being made by Terri Wilson. 
The officers arrested Wilson after she left the room and she confessed
that she had purchased cocaine from appellant. 

Based on information that appellant had two handguns in the
room, the SWAT team used a battering ram to break down the door.  Appellant did not resist the arrest.  Both appellant and his girlfriend, who was in
the room with him, appeared to be under the influence of cocaine.  The officers located two handguns and approximately
16.6 grams of cocaine in the room.

At trial, appellant pleaded guilty to each of four charges
against him.  After hearing evidence, the
trial court sentenced appellant to seventeen years= confinement for one of the
offenses and ten years= confinement for each of the
remaining three offenses, with the sentences to run concurrently.

ANALYSIS








In a single point of error, appellant contends the trial
court erred in admitting evidence of alleged extraneous offenses and bad acts
during the punishment phase of the trial. 
Appellant complains of three specific instances: (1) testimony that his
girlfriend was under the influence of cocaine at the time of the arrest; (2)
testimony that Wilson had purchased cocaine from appellant on the same night;
and (3) testimony that two pistols were found in appellant=s hotel room.

Evidence as to any matter may be offered during the
punishment phase of a trial if the trial court deems it relevant to
sentencing.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon Supp. 2003).  The Court of Criminal Appeals has explained
that, in non-capital felony cases, whether evidence should be admitted in the
punishment phase is a question of policy rather than logical relevance.  Sunbury v. State, 88
S.W.3d 229, 233 (Tex. Crim. App. 2002).  Because the Afactfinder@ does not determine discrete
facts when assessing punishment, the Arelevancy of proffered evidence
cannot be determined by deductive processes.@  Id. (quoting Murphy v. State,
77 S.W.2d 44, 63 (Tex. Crim. App. 1989) (plurality
op. on reh=g)).

When punishment is assessed by the trial court, it may
determine that evidence of an extraneous offense or bad act is relevant to
sentencing and admit it, but the trial court must find that the evidence was
proven beyond a reasonable doubt before considering that evidence in assessing
punishment.  Williams v. State,
958 S.W.2d 844, 845 (Tex. App.CHouston [14th Dist.] 1997, pet.
ref=d); see also Mitchell
v. State, 931 S.W.2d 950, 954 (Tex. Crim. App.
1996).

The State presented testimony that appellant=s girlfriend was under the
influence of cocaine and in the same room as appellant when he was
arrested.  The State also presented
testimony that Wilson was arrested for possession of cocaine after leaving that
room.  Appellant himself testified that
he traded narcotics for the first gun and that he was holding the second gun as
collateral for a second narcotics deal. 
The trial court did not err in determining that this evidence was
relevant to sentencing appellant for delivery of narcotics and possession of
narcotics with intent to deliver them.








We further find that there is no indication that the trial
court considered this evidence without determining it had been proven beyond a
reasonable doubt.   The judge did not
state whether he had found that the extraneous offenses or bad acts were proven
beyond a reasonable doubt or whether he had considered the extraneous offenses
or bad acts in assessing punishment. 
There is thus no indication the judge considered any improper evidence
in assessing punishment.  We overrule
appellant=s sole point of error.

The judgment of the trial court is affirmed.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 18, 2003.

Panel
consists of Justices Yates, Fowler, and Frost.

Do Not
Publish C Tex. R. App. P.
47.2(b).