Derrick Maurice Webster a/k/a Derrick Morris Webster

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-051-CR

DERRICK MAURICE WEBSTER APPELLANT

A/K/A DERRICK MORRIS WEBSTER

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Derrick Maurice Webster a/k/a Derrick Morris Webster of assault causing bodily injury to a public servant discharging an official duty and sentenced him to sixty five years’ confinement as a habitual offender.  Appellant brings two points on appeal, arguing that the trial court improperly admitted evidence of lewd behavior and that the trial court improperly admitted Appellant’s statement that he had committed an assault.  Because we hold that the trial court did not err, we affirm the trial court’s judgment. 

Appellant, an inmate at the Tarrant County Jail, had been placed in a different cell while maintenance workers repaired his cell door.  When Appellant was being moved back to his own cell, he punched the officer escorting him in the nose, breaking the officer’s nose and chipping two of his teeth.  Appellant said that he was pulled out of the cell by his arm and in a struggle with the officer, a key in the officer’s pocket cut his arm.

At trial, a female nurse, a female officer, and a male officer testified that any time a female was around, Appellant would begin masturbating in front of her.  Appellant objected to each witness’s testimony.  Additionally, an officer testified that while he was photographing Appellant’s injuries, Appellant said, “Boss, a man can only take so much.  This is my only assault.”

In his first point, Appellant argues that the trial court abused its discretion during the punishment phase by admitting over his rule 403 objection evidence that Appellant frequently committed lewd acts in front of female staff.  Article 37.07, section 3(a) of the Texas Code of Criminal Procedure permits the admission of evidence of extraneous offenses or bad acts at punishment,
(footnote: 2) but it is limited by rule 403 of the Texas Rules of Evidence.  Rule 403 provides for the exclusion of relevant evidence when its probative value is “substantially outweighed by the danger of unfair prejudice.”
(footnote: 3)  That is, relevant evidence admissible under article 37.07, section 3(a) is rendered inadmissible under rule 403 when its prejudicial or inflammatory effect outweighs its probative value.
(footnote: 4)  A rule 403 objection requires that the trial court balance the probative value of the evidence against its potentially prejudicial effect.
(footnote: 5)
 The evidence from three different witnesses about several intentional, offensive acts directed at jail staff was relevant, given that the offense for which Appellant was convicted was also directed at a public servant and that Appellant claimed it was a response to provocation.  The evidence helped define Appellant’s character for the jury and also helped establish a pattern of continuing conduct.  The State spent very little time on the underlying facts of the incidents of masturbation.  While the witnesses testified that the conduct was offensive, their testimony also showed that such conduct is not out of the ordinary in penal institutions
 and that they were not suffering any ill effects from the behavior they had witnessed.  
The testimony was instructive concerning Appellant's character and was admissible to aid the jury in assessing punishment. 
 Based on our analysis,
(footnote: 6) we cannot say that the trial court abused its discretion in admitting the evidence.  We overrule Appellant’s first point.

In his second point, Appellant argues that the trial court erred by admitting at guilt-innocence a custodial, incriminating oral statement that was not electronically recorded as required by article 38.22 of the Texas Code of Criminal Procedure.
(footnote: 7)  Article 38.22 applies to statements made as a result of interrogation.
(footnote: 8)  The statement that Appellant complains of is, “Boss, a man can only take so much.  This is my only assault.”  Appellant made this statement while his injuries were being photographed at the jail.  Although he was clearly in custody, Appellant was not being interrogated at the time he made the statement.  Article 38.22 does not apply to a volunteered statement.
(footnote: 9)  We overrule Appellant’s second point.

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 13, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a) (Vernon Supp. 2004).

3:
Tex. R. Evid.
 403.

4:
Cox v. State
, 931 S.W.2d 349, 357 (Tex. App.—Fort Worth 1996), 
pet
. 
dism’d
, 951 S.W.2d 5 (Tex. Crim. App. 1997); 
see
 
Rogers v. State
, 991 S.W.2d 263, 266-67 (Tex. Crim. App. 1999).

5:
Montgomery v. State
, 810 S.W.2d 372, 388-90 (Tex. Crim. App. 1990) (op. on reh’g).

6:
See Montgomery
, 
810 S.W.2d at 389-90 (providing rule 403 balancing factors); 
D
avis v. State
, 
68 S.W.3d 273, 282-83 (Tex. App.—Dallas 2002, pet. ref’d) (applying the 
Montgomery
 factors to a rule 403 decision on punishment evidence);
 see also Sunbury v. State
, 88 S.W.3d 229, 235 (Tex. Crim. App. 2002) (indicating in dicta that the Texas Court of Criminal Appeals would apply the 
Montgomery 
factors to a rule 403 decision on punishment evidence).

7:
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 3 (Vernon Supp. 2004).

8:
Id.

9:
Granviel v. State
, 723 S.W.2d 141, 146 (Tex. Crim. App. 1986),
 cert. denied
, 484 U.S. 872 (1987); 
Davis v. State
, 780 S.W.2d 945, 947 (Tex. App.—Fort Worth 1989, pet. ref’d).