COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-051-CR
 
 
DERRICK 
MAURICE WEBSTER                                                 APPELLANT
A/K/A 
DERRICK MORRIS WEBSTER
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Derrick Maurice Webster a/k/a Derrick Morris Webster of 
assault causing bodily injury to a public servant discharging an official duty 
and sentenced him to sixty five years’ confinement as a habitual offender.  
Appellant brings two points on appeal, arguing that the trial court improperly 
admitted evidence of lewd behavior and that the trial court improperly admitted 
Appellant’s statement that he had committed an assault.  Because we hold 
that the trial court did not err, we affirm the trial court’s judgment.
        Appellant, 
an inmate at the Tarrant County Jail, had been placed in a different cell while 
maintenance workers repaired his cell door.  When Appellant was being moved 
back to his own cell, he punched the officer escorting him in the nose, breaking 
the officer’s nose and chipping two of his teeth.  Appellant said that he 
was pulled out of the cell by his arm and in a struggle with the officer, a key 
in the officer’s pocket cut his arm.
        At 
trial, a female nurse, a female officer, and a male officer testified that any 
time a female was around, Appellant would begin masturbating in front of her.  
Appellant objected to each witness’s testimony.  Additionally, an officer 
testified that while he was photographing Appellant’s injuries, Appellant 
said, “Boss, a man can only take so much.  This is my only assault.”
        In 
his first point, Appellant argues that the trial court abused its discretion 
during the punishment phase by admitting over his rule 403 objection evidence 
that Appellant frequently committed lewd acts in front of female staff.  
Article 37.07, section 3(a) of the Texas Code of Criminal Procedure permits the 
admission of evidence of extraneous offenses or bad acts at punishment,[2] but it is limited by rule 403 of the Texas Rules of 
Evidence.  Rule 403 provides for the exclusion of relevant evidence when 
its probative value is “substantially outweighed by the danger of unfair 
prejudice.”[3]  That is, relevant evidence 
admissible under article 37.07, section 3(a) is rendered inadmissible under rule 
403 when its prejudicial or inflammatory effect outweighs its probative value.[4]  A rule 403 objection requires that the trial court 
balance the probative value of the evidence against its potentially prejudicial 
effect.[5]
        The 
evidence from three different witnesses about several intentional, offensive 
acts directed at jail staff was relevant, given that the offense for which 
Appellant was convicted was also directed at a public servant and that Appellant 
claimed it was a response to provocation.  The evidence helped define 
Appellant’s character for the jury and also helped establish a pattern of 
continuing conduct.  The State spent very little time on the underlying 
facts of the incidents of masturbation.  While the witnesses testified that 
the conduct was offensive, their testimony also showed that such conduct is not 
out of the ordinary in penal institutions and that they were not suffering any 
ill effects from the behavior they had witnessed.  The testimony was 
instructive concerning Appellant's character and was admissible to aid the jury 
in assessing punishment.  Based on our analysis,[6] 
we cannot say that the trial court abused its discretion in admitting the 
evidence.  We overrule Appellant’s first point.
        In 
his second point, Appellant argues that the trial court erred by admitting at 
guilt-innocence a custodial, incriminating oral statement that was not 
electronically recorded as required by article 38.22 of the Texas Code of 
Criminal Procedure.[7]  Article 38.22 applies to 
statements made as a result of interrogation.[8]  
The statement that Appellant complains of is, “Boss, a man can only take so 
much.  This is my only assault.”  Appellant made this statement 
while his injuries were being photographed at the jail.  Although he was 
clearly in custody, Appellant was not being interrogated at the time he made the 
statement.  Article 38.22 does not apply to a volunteered statement.[9]  We overrule Appellant’s second point.
        Having 
overruled Appellant’s two points, we affirm the trial court’s judgment.
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 13, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Tex. Code Crim. Proc. Ann. art. 
37.07, § 3(a) (Vernon Supp. 2004).
3.  
Tex. R. Evid. 403.
4.  
Cox v. State, 931 S.W.2d 349, 357 (Tex. App.—Fort Worth 1996), pet. 
dism’d, 951 S.W.2d 5 (Tex. Crim. App. 1997); see Rogers v. 
State, 991 S.W.2d 263, 266-67 (Tex. Crim. App. 1999).
5.  
Montgomery v. State, 810 S.W.2d 372, 388-90 (Tex. Crim. App. 1990) (op. 
on reh’g).
6.  
See Montgomery, 810 S.W.2d at 389-90 (providing rule 403 balancing 
factors); Davis v. State, 68 S.W.3d 273, 282-83 (Tex. App.—Dallas 2002, 
pet. ref’d) (applying the Montgomery factors to a rule 403 decision on 
punishment evidence); see also Sunbury v. State, 88 S.W.3d 229, 235 (Tex. 
Crim. App. 2002) (indicating in dicta that the Texas Court of Criminal Appeals 
would apply the Montgomery factors to a rule 403 decision on punishment 
evidence).
7.  
Tex. Code Crim. Proc. Ann. art. 
38.22, § 3 (Vernon Supp. 2004).
8.  
Id.
9.  
Granviel v. State, 723 S.W.2d 141, 146 (Tex. Crim. App. 1986), cert. 
denied, 484 U.S. 872 (1987); Davis v. State, 780 S.W.2d 945, 947 
(Tex. App.—Fort Worth 1989, pet. ref’d).