Affirmed and Memorandum Opinion filed May 25, 2006









Affirmed and Memorandum Opinion filed May 25, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01185-CR

____________

 

JOHN JAMES WAY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
25th District Court

Colorado County,
Texas

Trial Court Cause No.
CR04-109

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of
theft.  On October 26, 2004, the jury
sentenced appellant to confinement for two years in the State Jail Facility of
the Texas Department of Criminal Justice and assessed a fine of $2,500. 








In his sole point of error appellant claims the trial court
erred in excluding testimony concerning his co-defendant=s sentence.  A trial court=s decision to exclude evidence is
reviewed for an abuse of discretion.  Green
v. State, 934 S.W.2d 92, 101‑02 (Tex. Crim. App.1996).  If the trial court=s evidentiary ruling is within the
zone of reasonable disagreement, no abuse of discretion has occurred and the
trial court=s ruling must be upheld.  Id. 


After a defendant has been found guilty, evidence may be
offered by the State and the defendant Aas to any matter the court deems
relevant to sentencing.@ Tex. Code Crim. Proc.
Ann. art. 37.07 ' 3(a)(1).  In order to
determine what is Arelevant to sentencing,@ we look at what evidence would
assist the jury in determining the appropriate punishment in a particular case,
taking policy reasons into consideration. 
See Sunbury v. State, 88 S.W.3d 229, 232 (Tex. Crim. App.
2002).  Some of those policy reasons
include, but are not limited to, giving complete information for the jury to
tailor an appropriate sentence for a defendant, optional completeness, and
admitting the truth in sentencing.  Id.
at 233-34.  Evidence of the
circumstances of the offense itself or the defendant himself is admissible at
the punishment phase.  See Schielack
v. State, 992 S.W.2d 639, 641 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d) (citing Stiehl v. State,
585 S.W.2d 716, 718 (Tex. Crim. App. 1979)).

Appellant complains the jury was not allowed to hear
testimony that his co-defendant was sentenced to one year in state jail for the
same crime.  Appellant asserts he is not
arguing for proportionate sentences but for the fact finder to hear all of the
relevant facts before making a sentencing decision.  However, appellant does not identify how that
information is relevant absent proportionate sentences.  Most telling is the close of appellant=s argument stating, A[a]ppellant should not receive twice
the time in state jail as his co-defendant for the same crime.@ 
Notwithstanding appellant=s assertions, his complaint is of the
disproportionate sentence.








The sentence received by appellant=s co-defendant is not evidence
concerning circumstances of either appellant or the offense.  Accordingly, the trial court=s decision to exclude the evidence
was at least within the zone of reasonable disagreement and did not constitute
an abuse of discretion.  Morever, the
erroneous exclusion of evidence does not result in reversible error unless it
affects a substantial right of the accused. 
See Tex. R. App. P. 44.2(b);
Alexander v. State, 137 S.W.3d 127, 130 (Tex.App.‑Houston [1st
Dist.] 2004, pet. ref'd).  As appellant
concedes, Texas does not recognize a right to receive the same or similar
sentence as a co-defendant.  See
DeGarmo v. State, 691 S.W.2d 657, 663 (Tex. Crim. App. 1985), overruled
on other grounds by Leday v. State, 983 S.W.2d 713, 725 (Tex. Crim.
App.1998).  For these reasons, appellant=s issue is overruled and the judgment
of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 25, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).