BRADSHAW V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-194-CR

DENNIS BRADSHAW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Dennis Bradshaw pleaded guilty to driving while intoxicated and stipulated to the two prior DWI convictions alleged in the indictment.  A jury assessed punishment at five years’ confinement and a $100 fine.  In his single point on appeal, Appellant argues that the trial court erred by overruling his relevancy objection during the punishment phase when the prosecutor asked Appellant if he had ever smoked marijuana.  We affirm.

We review the trial court’s decision to admit or exclude evidence under an abuse of discretion standard.  
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  We will not reverse a trial court’s ruling on the admission of evidence as long as the ruling is within the zone of reasonable disagreement.   
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).  Determining what evidence should be admitted at the punishment phase of a noncapital felony offense is a function of policy rather than a question of logical relevance. 
 Sunbury v. State
, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002).  Deciding what punishment to assess is a normative process, not intrinsically factbound.  
Id
.  Because the material issue at punishment is so indistinct, relevancy of proffered evidence cannot be determined by deductive

processes. 
Id
.

The following colloquy occurred during the punishment phase of trial:

Q. [PROSECUTOR] [W]ere you using other drugs that day?

A. [APPELLANT] No, sir.

Q. Were you smoking marijuana?

A. No.  I don’t smoke marijuana.

Q. Have you ever smoked marijuana?

[DEFENSE COUNSEL] Object to relevance, Your Honor.

THE COURT: I’ll overrule that.

A. I don’t smoke marijuana.

Q. Did you used to smoke marijuana?

A. Years ago. [3 RR 91:10-21]

Earlier, on direct examination, Appellant testified that the police found a glass pipe in his pocket when they arrested him for DWI.  Appellant testified that he found the pipe on the side of the road and picked it up “[j]ust so that nobody would get hurt on it.”  On cross-examination, Appellant testified that he had a “torch lighter” in his truck and admitted that the lighter was “consistent with using a crack pipe” but said that he used the lighter to solder wires.  He also admitted that the terms of his community service for his two prior DWI convictions specifically required him to abstain from using marijuana. 

Under these circumstances and in light of the testimony recited above, we cannot say that the trial court’s ruling on Appellant’s relevancy objection was outside the zone of reasonable agreement.  Therefore, we hold that the trial court did not abuse its discretion by overruling Appellant’s objection.

To the extent that Appellant argues that his relevancy objection preserved a rule 404(b) extrinsic-offense claim for appeal, we note that the court of criminal appeals has made it clear that a general relevancy objection at trial does not preserve error concerning a rule 404(b) extraneous-offense claim. 
See 
Tex. R. Evid.
 404(b);
 Medina v. State
, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1102 (2000); 
Camacho v. State
, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993), 
cert. denied
, 510 U.S. 1215 (1994).  Therefore, we hold that Appellant failed to preserve his rule 404(b) claim for our review.

We overrule Appellant’s sole point, and we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 16, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.