COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-194-CR

 

 

DENNIS BRADSHAW                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Dennis Bradshaw
pleaded guilty to driving while intoxicated and stipulated to the two prior DWI
convictions alleged in the indictment.  A
jury assessed punishment at five years= confinement and a $100 fine. 
In his single point on appeal, Appellant argues that the trial court
erred by overruling his relevancy objection during the punishment phase when
the prosecutor asked Appellant if he had ever smoked marijuana.  We affirm.

We review the trial court=s decision to admit or exclude evidence under an abuse of discretion
standard.  Burden v. State, 55
S.W.3d 608, 615 (Tex. Crim. App. 2001). 
We will not reverse a trial court=s ruling on the admission of evidence as long as the ruling is within
the zone of reasonable disagreement.   Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh=g).  Determining what evidence
should be admitted at the punishment phase of a noncapital felony offense is a
function of policy rather than a question of logical relevance.  Sunbury v. State, 88 S.W.3d 229, 233 (Tex.
Crim. App. 2002).  Deciding what
punishment to assess is a normative process, not intrinsically factbound.  Id. 
Because the material issue at punishment is so indistinct, relevancy of
proffered evidence cannot be determined by deductive

processes. Id.

      The following colloquy occurred during the punishment phase of
trial:

Q.     [PROSECUTOR] [W]ere you
using other drugs that day?

A.     [APPELLANT] No, sir.

Q.     Were you smoking
marijuana?

A.     No.  I don=t smoke marijuana.

Q.     Have you ever smoked
marijuana?








[DEFENSE COUNSEL]    Object to
relevance, Your Honor.

THE COURT:               I=ll overrule that.

A.     I don=t smoke marijuana.

Q.     Did you used to smoke
marijuana?

A.     Years ago. [3 RR 91:10-21]

Earlier, on direct
examination, Appellant testified that the police found a glass pipe in his
pocket when they arrested him for DWI. 
Appellant testified that he found the pipe on the side of the road and
picked it up A[j]ust so
that nobody would get hurt on it.@  On cross-examination,
Appellant testified that he had a Atorch lighter@ in his
truck and admitted that the lighter was Aconsistent with using a crack pipe@ but said that he used the lighter to solder wires.  He also admitted that the terms of his
community service for his two prior DWI convictions specifically required him
to abstain from using marijuana. 

Under these circumstances and
in light of the testimony recited above, we cannot say that the trial court=s ruling on Appellant=s relevancy objection was outside the zone of reasonable
agreement.  Therefore, we hold that the
trial court did not abuse its discretion by overruling Appellant=s objection.








To the extent that Appellant
argues that his relevancy objection preserved a rule 404(b) extrinsic-offense
claim for appeal, we note that the court of criminal appeals has made it clear
that a general relevancy objection at trial does not preserve error concerning
a rule 404(b) extraneous-offense claim. See Tex. R. Evid. 404(b); Medina v. State, 7 S.W.3d 633,
643 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102 (2000); Camacho
v. State, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993), cert. denied,
510 U.S. 1215 (1994).  Therefore, we hold
that Appellant failed to preserve his rule 404(b) claim for our review.

We overrule Appellant=s sole point, and we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 16, 2006











[1]See Tex. R. App. P. 47.4.