COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






MAURICE CORNELL TABB,



 Appellant,



V.



THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 §


 §


No. 08-11-00046-CR




Appeal from the



213th Judicial District Court



of Tarrant County, Texas 



(TC# 1079843D) 



O P I N I O N

 Maurice Cornell Tabb appeals his conviction for the offense of aggravated robbery with a
deadly weapon. In a single issue, Appellant contends the trial court abused its discretion, during
a unified punishment proceeding, by permitting a witness to testify as to whether Appellant
appeared to be the aggressor during the commission of the offense. Finding no reversible error,
we affirm the trial court's judgment.

BACKGROUND

 Appellant was indicted in September 2007, for the offense of aggravated robbery with a
deadly weapon in Cause Number 1079843D. On March 3, 2008, the trial court placed Appellant
on 10 years' deferred adjudication community supervision and assessed a fine of $1,000.

 On June 3, 2008, the State filed a Petition to Proceed to Adjudication alleging that
Appellant had violated the terms and conditions of his community supervision by committing
another offense and by using a controlled substance. On December 4, 2008, the State filed its
First Amended Petition to Proceed to Adjudication alleging that Appellant had violated the terms
and conditions of his community supervision as described in its original Petition to Proceed to
Adjudication as well as by: committing three new offenses; failing to report to the Community
Supervision and Corrections Department of Tarrant County as directed; and associating with a
person known to Appellant to be of a harmful or disreputable character.

 The trial court ultimately dismissed the State's First Amended Petition to Proceed to
Adjudication and modified Appellant's community supervision to include a requirement that
Appellant participate in a Substance Abuse Felony Punishment Facility for a period of one year.

 On January 15, 2010, the State filed its Second Amended Petition to Proceed to
Adjudication alleging that on August 19, 2008, in Cause Number 1186781D, Appellant violated
the terms and conditions of his community supervision by committing a new offense,
specifically, robbery causing bodily injury to Mr. Kenneth Dozier. Defendant was indicted for
said offense on April 13, 2010.

 On December 13, 2010, in Cause Number 1186781D, Appellant pled guilty to the offense
of robbery causing bodily injury. On December 14, 2010, Appellant pled true to the allegations
that he violated the terms and conditions of his community supervision in Cause Number
1079843D by committing the offense of robbery causing bodily injury described above, and by
using illegal substances as described in the State's Second Amended Petition to Proceed to
Adjudication.

 At that time, the trial court commenced a hearing relative to punishment in both cases in a
unified proceeding. The State called four witnesses in its case-in-chief and the defense called
five witnesses in its case-in-chief. On rebuttal, the State re-called two witnesses.

 The evidence presented established that on August 19, 2008, Appellant was observed in
Macy's Department Store acting in a suspicious manner. A Macy's loss prevention officer went
to the sales floor to investigate while another loss prevention officer continued to monitor the
situation on cameras in the security office. The two loss prevention officers continued to
communicate by cell phone. At some point, Appellant attempted to leave the store without
paying for the merchandise he was carrying. Kenneth Docier help up his badge and attempted to
identify himself as a loss prevention officer for Macy's Department Stores. Before he could do
so, Appellant pushed past Mr. Docier, "stiff-armed" him, and punched him in the face and head.
Mr. Docier was able to slap all of the merchandise out of Appellant's arms. Mr. Docier then
grabbed Appellant's shirt and Appellant slung Mr. Docier into the street and on the ground. At
that moment, a truck pulled up to the scene where Mr. Docier was on his back on the ground and
Appellant was standing over him. Appellent got into the truck and the truck drove away.

 During rebuttal, the State re-called Ms. Roseanne Vargas. One of the questions that
Ms. Vargas was asked by the State was who she believed to be the aggressor in the incident
between Loss Prevention Officer Kenneth Docier and Appellant. The defense objected arguing
that the question called for speculation and the trial court overruled the objection. Ms. Vargas
responded that Mr. Docier did not appear to be the aggressor.

 At the conclusion of the hearing, in Cause Number 1079843D, the trial court granted the
State's Second Amended Petition to Proceed to Adjudication and adjudicated Appellant guilty of
the offense of aggravated robbery with a deadly weapon, based on Appellant's pleas of true to the
two paragraphs contained in the State's Second Amended Petition to Proceed to Adjudication. 
The Court further found Appellant guilty of the offense of robbery causing bodily injury in Cause
Number 1186781D based on Appellant's plea of guilty to that offense the day prior to the
hearing. The trial court then sentenced Appellant to 15 years confinement in the Texas
Department of Criminal Justice, Institutional Division, both sentences to run concurrently.

ANALYSIS

 In his sole issue, Appellant argues that the trial court abused its discretion when it
allowed the State to present rebuttal testimony from a witness who testified that it appeared to
her that Appellant was the aggressor during a confrontation between Appellant and Loss
Prevention Officer Kenneth Dozier.

 We review a trial court's ruling on the admissibility of evidence for an abuse of
discretion. See Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). So long as the
trial court's decision falls within the zone of reasonable disagreement, the ruling will be
affirmed. Moses v. State, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003). The admissibility of
evidence at punishment is guided largely by Article 37.07, section 3 of the Texas Code of
Criminal Procedure. Haley v. State, 173 S.W.3d 510, 513 (Tex.Crim.App. 2005); see Tex.Code
Crim.Proc.Ann. art. 37.07, § 3(a)(1)(West Supp. 2011). "Unlike the guilt-innocence phase, the
question at punishment is not whether the defendant has committed a crime, but instead what
sentence should be assessed." Haley, 173 S.W.3d at 515, citing Sunbury v. State, 88 S.W.3d
229, 234 (Tex.Crim.App. 2002), and Rogers v. State, 991 S.W.2d 263, 265 (Tex.Crim.App.
1999).

 Here, the defense presented, during its case-in-chief, the testimony of Mr. Willie Bean. 
Mr. Bean testified, inter alia, that: (1) he was a friend of Appellant; (2) he drove Appellant to
the Macy's Department Store; (3) when Appellant exited the store, he saw Appellant and a white
guy fighting; (4) the white guy knocked Appellant's hat from his head and tore Appellant's shirt
off of Appellant's body; and (5) he did not see any boxes or clothes on the ground or anything in
Appellant's hands. Mr. Bean also testified that it appeared to him that Appellant was "trying to
defend hisself," [sic] that it "[l]ooked like the man was trying to beat [Appellant] up," and that it
appeared that the man [Mr. Docier] "slipped and fell down." Finally, Mr. Bean stated that it
looked like Appellant "didn't want to fight him," that "the white guy, wanted to keep on
fighting," and that "[i]t looked like" Appellant "wanted to give up."

 In light of this testimony, the State, during rebuttal, recalled Ms. Roseanne Vargas who
testified that it appeared to her that Mr. Docier did not appear to be the aggressor in the
confrontation.

 Under these circumstances, we conclude that the trial court's decision to admit
Ms. Vargas' testimony over a defense objection to speculation, to rebut Appellant's apparent
defensive theory that he was not the aggressor in the confrontation, which Appellant had placed
in question through the testimony of Mr. Bean, falls within the zone of reasonable disagreement
and does not constitute an abuse of discretion. See Green, 934 S.W.2d at 101-02.

CONCLUSION

 Having overruled Appellant's sole issue, we affirm the trial court's judgment.



January 25, 2012

 CHRISTOPHER ANTCLIFF, Justice


Before McClure, C.J., Rivera, and Antcliff, JJ.


(Do Not Publish)