

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-13-00571-CR & 04-13-00572-CR

Fernando **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court Nos. 12-1791-CR & 12-2454-CR-C
Honorable William Old, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  September 17, 2014

AFFIRMED

A jury convicted Fernando Lopez of assault on a public servant and felony DWI. Lopez presented evidence of his suitability for community supervision at the punishment phase of his trial. The State then sought to question Lopez about whether he was subject to a "hold" by the U.S. Immigration and Customs Enforcement agency ("ICE"). The trial court permitted the questioning over Lopez's objection. The jury assessed Lopez's punishment at two years' imprisonment for the assault and ten years' imprisonment for the DWI. In his sole appellate issue, Lopez complains the trial court abused its discretion by admitting evidence of the ICE hold at the punishment phase.

An ICE hold (or detainer) serves three functions: (1) it notifies a local law enforcement official that ICE intends to assume custody of a person in the official's custody once the person is no longer detained by the official; (2) it requests information about a person's impending release from the official's custody so ICE may assume custody before the alien is released; and (3) it requests that the official maintain custody of a person who would otherwise be released to provide ICE time to assume custody.[1]

Lopez objected at trial to evidence he was subject to an ICE hold only on the grounds that it was "irrelevant and inflammatory." Lopez argues on appeal evidence that he was subject to an ICE hold was inadmissible because "[t]he state offered no evidence to show beyond a reasonable doubt that [Lopez] entered or remained in this country illegally, such that [the ICE hold] would be admissible as an extraneous offense under Article 37.07."

Article 37.07 of the Texas Code of Criminal Procedure is one of the guiding principles for the admissibility of evidence at the punishment phase of a trial, and it broadly allows evidence about "any matter the court deems relevant to sentencing . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2014); *Sunbury v. State*, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002). The State argues evidence of the ICE hold on Lopez was relevant to whether he would be able to successfully complete community supervision if the jury assessed community supervision as his punishment.

After Lopez conceded that he was subject to an ICE hold, the jury heard testimony from the director of the Guadalupe County Community Supervision and Corrections Department about the effect of an ICE hold on a defendant's ability to complete community supervision. He explained that after a defendant with an ICE hold is released on community supervision, the

_____

[1] *ICE Detainers: Frequently Asked Questions*, U.S. DEP'T OF HOMELAND SECURITY, https://www.ice.gov/news/library/factsheets/detainer-faqs.htm (last visited on Sept. 3, 2014).

defendant is then subject to deportation proceedings and the federal government takes custody of him. He testified that a deported defendant cannot successfully complete the terms of his community supervision. He also testified that even if a defendant is not deported, he may have difficulties completing some of the standard terms of community supervision, such as maintaining gainful employment. He also explained the community supervision department is not notified when a defendant who was placed on community supervision is later released from federal custody without deportation. It is therefore a defendant's responsibility to report for community supervision after his release.

The Court of Criminal Appeals has explained that although Texas Rule of Evidence 401[2] is helpful in determining what evidence is "relevant to sentencing," the rule is not a perfect fit. *Sunbury*, 88 S.W.3d at 234. Instead, "determining what evidence should be admitted at the punishment phase of a non-capital felony offense is a function of policy rather than a question of logical relevance." *Id.* at 233. "Some of the policy reasons that should be considered when determining whether to admit punishment evidence include, but are not limited to: giving complete information for the jury to tailor an appropriate sentence for a defendant; the policy of optional completeness; and admitting the truth in sentencing." *Id.* at 233–34.

Lopez applied for community supervision and he testified on direct examination that he would fulfill all of the requirements of community supervision. Lopez therefore made his ability to complete the terms of community supervision an issue during the punishment phase. The community supervision director's testimony, which Lopez did not object to, shows why Lopez's ICE hold was relevant to his ability to complete community supervision. For instance, if Lopez

---

[2] "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401.

had been placed on community supervision but was subsequently deported in federal immigration proceedings, he would essentially have avoided any punishment imposed by the State of Texas for his crimes. The ICE hold was also relevant because the hold and related immigration proceedings could have impeded Lopez's ability to complete standard terms of community supervision. The jury could also consider the possibility that Lopez, if he were released by ICE without being deported, would choose not to report to the community supervision department.

We hold the trial court did not abuse its discretion by admitting testimony of Lopez's ICE hold and its effect into evidence during the punishment phase because it was relevant for the jury to determine Lopez's suitability for community supervision and tailor an appropriate sentence. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (holding trial court's rulings on the admission of evidence are reviewed abuse of discretion). We overrule Lopez's sole issue and affirm the trial court's judgments.

Luz Elena D. Chapa, Justice

Do Not Publish