# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00159-CR

**Luther Wayne Cobb, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 54851, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Luther Wayne Cobb of indecency with a child by contact and assessed a punishment of twenty years' imprisonment and a $10,000 fine. *See* Tex. Pen. Code Ann. § 21.11 (West 2003). In his only point of error, appellant contends the trial court erred at the punishment stage by permitting the State to offer evidence of an extraneous act for which appellant had been tried and acquitted in a military tribunal. We find that reversible error is not presented and affirm the judgment of conviction.

Appellant was convicted for engaging in sexual contact with K.H., a child younger than seventeen, by touching her breast with the intent to arouse or gratify his sexual desire. Over appellant's objection at the punishment phase, the State was permitted to offer evidence that in 1999,

four years before the charged offense, appellant sexually assaulted a thirteen-year-old girl.[1] Although there is no evidence of this in the record, it was agreed by the parties below that appellant had been prosecuted in a military court-martial for the 1999 assault and acquitted. At trial, appellant objected that the introduction of this evidence constituted double jeopardy, but he does not bring this contention forward on appeal. He also objected that evidence of the 1999 assault was irrelevant, barred by collateral estoppel, and impermissible character evidence.

In *Stuart v. State*, the defendant was tried for aggravated rape. 561 S.W.2d 181 (Tex. Crim. App. 1978). At the guilt stage, the State introduced evidence that the defendant had committed two other rapes, apparently to prove lack of consent. *Id*. The record showed that the defendant had been tried and acquitted for one of the earlier rapes. *Id*. The court of criminal appeals held that the admission of the extraneous offense for which the defendant had been acquitted was error:

> We feel that any application of an exception to the rule against admission of extraneous offenses must necessarily be to an occurrence which has not already been conclusively established by a verdict of acquittal to have not been an extraneous offense in the first place. The prosecution should not be allowed an exception when they have failed to come within the ambit of the general rule.

*Id*. at 182 (citation omitted). Although the court did not use the term "collateral estoppel," it appears that this was the basis for its holding, as the authorities cited for the holding were *Ashe v. Swenson* and two Fifth Circuit opinions applying it. *Ashe v. Swenson*, 397 U.S. 436 (1970); *Blackburn v.*

---

[1] The evidence was offered through the testimony of the complainant and her mother.

2

*Cross*, 510 F.2d 1014 (5th Cir. 1975); *Wingate v. Wainwright*, 464 F.2d 209 (5th Cir. 1972). In addition, the court of criminal appeals has since described the holding in *Stuart* as based on collateral estoppel. *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex. Crim. App. 1981).

In *Ashe*, the Court held that the Fifth Amendment guarantee against double jeopardy includes a collateral estoppel element. 397 U.S. at 445. This means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id*. at 443. When considering a collateral estoppel claim, trial and appellate courts must examine the entire record of the prior proceeding to determine whether a rational finder of fact could have grounded its verdict on an issue other than the one that the defendant seeks to foreclose from consideration. *Id*. at 444.

The State of Texas was not a party to the court-martial proceeding on which appellant relies. *See United States v. Angleton*, 314 F.3d 767, 776 (5th Cir. 2002) (collateral estoppel did not bar federal prosecution after unsuccessful state prosecution, citing dual sovereignty doctrine). Moreover, the court of criminal appeals has recently held that a defendant asserting a collateral estoppel claim must introduce the complete record of the earlier proceeding, which appellant did not do. *Guajardo v. State*, 109 S.W.3d 456, 457 (Tex. Crim. App. 2003). For both of these reasons, appellant's collateral estoppel argument fails.

Appellant's argument that the 1999 sexual assault was irrelevant other than to show his bad character also fails. At the punishment stage, evidence may be offered as to any matter the court deems relevant to punishment including, rules 404 and 405 notwithstanding, evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt to have been committed by the

3

defendant. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2005); *see* Tex. R. Evid. 404, 405. Appellant argues that evidence cannot be relevant if it is untrue, but the jury was properly instructed not to consider the evidence regarding the 1999 assault unless it found beyond a reasonable doubt that appellant committed the offense.[2]

       The point of error is overruled and the judgment of conviction is affirmed.

                                              _____

                                            Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   July 7, 2006

Do Not Publish

---

[2] In ruling that the 1999 incident was admissible at the punishment stage, the court prohibited any mention of the court martial proceeding or its result. Appellant does not complain of this and therefore we do not address it. We note, however, that the court of criminal appeals has held that when evidence of extraneous crimes is admitted at the punishment stage, the punishment assessed for those crimes is also relevant and admissible. *Sunbury v. State*, 88 S.W.3d 229, 235 (Tex. Crim. App. 2002); *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999).