COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| MAURICE CORNELL TABB, | | No. 08-11-00046-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 213th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 1079843D) |
| | § | |
| | § | |

**O P I N I O N**

Maurice Cornell Tabb appeals his conviction for the offense of aggravated robbery with a deadly weapon. In a single issue, Appellant contends the trial court abused its discretion, during a unified punishment proceeding, by permitting a witness to testify as to whether Appellant appeared to be the aggressor during the commission of the offense. Finding no reversible error, we affirm the trial court's judgment.

**BACKGROUND**

Appellant was indicted in September 2007, for the offense of aggravated robbery with a deadly weapon in Cause Number 1079843D. On March 3, 2008, the trial court placed Appellant on 10 years' deferred adjudication community supervision and assessed a fine of $1,000.

On June 3, 2008, the State filed a Petition to Proceed to Adjudication alleging that Appellant had violated the terms and conditions of his community supervision by committing another offense and by using a controlled substance. On December 4, 2008, the State filed its First Amended Petition to Proceed to Adjudication alleging that Appellant had violated the terms and conditions of his community supervision as described in its original Petition to Proceed to

Adjudication as well as by: committing three new offenses; failing to report to the Community Supervision and Corrections Department of Tarrant County as directed; and associating with a person known to Appellant to be of a harmful or disreputable character.

The trial court ultimately dismissed the State's First Amended Petition to Proceed to Adjudication and modified Appellant's community supervision to include a requirement that Appellant participate in a Substance Abuse Felony Punishment Facility for a period of one year.

On January 15, 2010, the State filed its Second Amended Petition to Proceed to Adjudication alleging that on August 19, 2008, in Cause Number 1186781D, Appellant violated the terms and conditions of his community supervision by committing a new offense, specifically, robbery causing bodily injury to Mr. Kenneth Dozier. Defendant was indicted for said offense on April 13, 2010.

On December 13, 2010, in Cause Number 1186781D, Appellant pled guilty to the offense of robbery causing bodily injury. On December 14, 2010, Appellant pled true to the allegations that he violated the terms and conditions of his community supervision in Cause Number 1079843D by committing the offense of robbery causing bodily injury described above, and by using illegal substances as described in the State's Second Amended Petition to Proceed to Adjudication.

At that time, the trial court commenced a hearing relative to punishment in both cases in a unified proceeding. The State called four witnesses in its case-in-chief and the defense called five witnesses in its case-in-chief. On rebuttal, the State re-called two witnesses.

The evidence presented established that on August 19, 2008, Appellant was observed in Macy's Department Store acting in a suspicious manner. A Macy's loss prevention officer went to the sales floor to investigate while another loss prevention officer continued to monitor the

situation on cameras in the security office. The two loss prevention officers continued to communicate by cell phone. At some point, Appellant attempted to leave the store without paying for the merchandise he was carrying. Kenneth Docier help up his badge and attempted to identify himself as a loss prevention officer for Macy's Department Stores. Before he could do so, Appellant pushed past Mr. Docier, "stiff-armed" him, and punched him in the face and head. Mr. Docier was able to slap all of the merchandise out of Appellant's arms. Mr. Docier then grabbed Appellant's shirt and Appellant slung Mr. Docier into the street and on the ground. At that moment, a truck pulled up to the scene where Mr. Docier was on his back on the ground and Appellant was standing over him. Appellent got into the truck and the truck drove away.

During rebuttal, the State re-called Ms. Roseanne Vargas. One of the questions that Ms. Vargas was asked by the State was who she believed to be the aggressor in the incident between Loss Prevention Officer Kenneth Docier and Appellant. The defense objected arguing that the question called for speculation and the trial court overruled the objection. Ms. Vargas responded that Mr. Docier did not appear to be the aggressor.

At the conclusion of the hearing, in Cause Number 1079843D, the trial court granted the State's Second Amended Petition to Proceed to Adjudication and adjudicated Appellant guilty of the offense of aggravated robbery with a deadly weapon, based on Appellant's pleas of true to the two paragraphs contained in the State's Second Amended Petition to Proceed to Adjudication. The Court further found Appellant guilty of the offense of robbery causing bodily injury in Cause Number 1186781D based on Appellant's plea of guilty to that offense the day prior to the hearing. The trial court then sentenced Appellant to 15 years confinement in the Texas Department of Criminal Justice, Institutional Division, both sentences to run concurrently.

**ANALYSIS**

In his sole issue, Appellant argues that the trial court abused its discretion when it allowed the State to present rebuttal testimony from a witness who testified that it appeared to her that Appellant was the aggressor during a confrontation between Appellant and Loss Prevention Officer Kenneth Dozier.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *See Green v. State*, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). So long as the trial court's decision falls within the zone of reasonable disagreement, the ruling will be affirmed. *Moses v. State*, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003). The admissibility of evidence at punishment is guided largely by Article 37.07, section 3 of the Texas Code of Criminal Procedure. *Haley v. State*, 173 S.W.3d 510, 513 (Tex.Crim.App. 2005); *see* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a)(1)(West Supp. 2011). "Unlike the guilt-innocence phase, the question at punishment is not whether the defendant has committed a crime, but instead what sentence should be assessed." *Haley*, 173 S.W.3d at 515, *citing Sunbury v. State*, 88 S.W.3d 229, 234 (Tex.Crim.App. 2002), and *Rogers v. State*, 991 S.W.2d 263, 265 (Tex.Crim.App. 1999).

Here, the defense presented, during its case-in-chief, the testimony of Mr. Willie Bean. Mr. Bean testified, *inter alia,* that: (1) he was a friend of Appellant; (2) he drove Appellant to the Macy's Department Store; (3) when Appellant exited the store, he saw Appellant and a white guy fighting; (4) the white guy knocked Appellant's hat from his head and tore Appellant's shirt off of Appellant's body; and (5) he did not see any boxes or clothes on the ground or anything in Appellant's hands. Mr. Bean also testified that it appeared to him that Appellant was "trying to defend hisself," [sic] that it "[l]ooked like the man was trying to beat [Appellant] up," and that it appeared that the man [Mr. Docier] "slipped and fell down." Finally, Mr. Bean stated that it

-4-

looked like Appellant "didn't want to fight him," that "the white guy, wanted to keep on fighting," and that "[i]t looked like" Appellant "wanted to give up."

In light of this testimony, the State, during rebuttal, recalled Ms. Roseanne Vargas who testified that it appeared to her that Mr. Docier did not appear to be the aggressor in the confrontation.

Under these circumstances, we conclude that the trial court's decision to admit Ms. Vargas' testimony over a defense objection to speculation, to rebut Appellant's apparent defensive theory that he was not the aggressor in the confrontation, which Appellant had placed in question through the testimony of Mr. Bean, falls within the zone of reasonable disagreement and does not constitute an abuse of discretion. *See Green*, 934 S.W.2d at 101-02.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


January 25, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)