PD-0588-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/30/2015 2:10:38 PM
Accepted 7/1/2015 2:39:37 PM
ABEL ACOSTA
CLERK

No. 11-15-00076-CR

_____

IN THE CRIMINAL COURT OF APPEALS

_____


GILBERT REYES MORELOS
PETITIONER,

VS.

THE STATE OF TEXAS

_____


PETITION FOR DISCRETIONARY REVIEW

_____


Appeal from the District Court
of Knox County, Texas
50th JUDICIAL DISTRICT
HONORABLE JUANITA PAVLICK, JUDGE PRESIDING BY ASSIGNMENT
DISTRICT COURT CASE NUMBER 3962

_____


RESPECTFULLY

SUBMITTED:

June 23, 2015

FILED IN
COURT OF CRIMINAL APPEALS

July 1, 2015

ABEL ACOSTA, CLERK

/s/ Earl Griffin, Jr.
EARL GRIFFIN, JR.
SBOT# 08471000
Attorney for Petitioner
P.O. Box 730
Childress, Texas 79201
(940) 937-6474
(940) 937-6020 fax
egriffinattorney@yahoo.com

1

{Petition For Discretionary Review}

## CERTIFICATE OF SERVICE

I hereby certify that the following listed person(s) or entities have rights which may be adversely affected by the outcome of these appeals in this Court so that the Justice of this Court may review the same to determine the need for refusal or disqualification, if necessary, herein:

1.      The Petitioner, GILBERT REYES MORELOS, TDCJ #01970088, currently resides at Lindsey State Jail, 1620 FM 3344; Jacksboro, TX 76458, and may be served with process herein at the address of his Court Appointed Counsel and he is represented herein by the undersigned counsel whose address is shown on the front cover of this Petition.  The Petitioner was represented at trial herein by Mr. Lynn Ingalsbe, Esquire, SBOT No. 1039200, 1065 South 3rd Street, Abilene, Texas 79602-1403.

2.      The State of Texas is represented herein by its Criminal District Attorney for Knox County, Texas, Mr. David Hajek, Esquire, and his address is PO Box 508, Seymour, Texas 76380-0508, and he may be served with process at his address.

3.     The State Prosecuting Attorney is Ms. Lisa C. McMinn and her address is P. O. Box 12405, Capitol Station, Austin, Texas 78711-2405, and she may be served with process at this address.

Respectfully submitted by,


EARL GRIFFIN, JR.
Attorney for Petitioner

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

1. Trial Court Judge: The Honorable Juanita Pavlick, Judge Presiding by Assignment; 50th District Court of Knox County, District Court Case Number 3962.

2. All parties to the judgment or order appealed from: Mr. David Hajek, 50th District Attorney and Gilbert Morelos, Defendant, Appellant, and Petitioner.

3. Names and addresses of all trial and appellate counsel:

Trial Court Counsel: Mr. Lynn Ingalsbe, , 1065 South 3rd Street, Abilene, Texas 79602-1403,

Appellate and Petition Counsel: Mr. Earl Griffin, Jr., P.O. Box 730, Childress, Texas 79201,

Trial Court District Attorney: Mr. David Hajek, P.O. Box 508, Seymour, Texas 76380-0508,

State Prosecuting Attorney: Ms. Lisa McMinn, P. O. Box 12405, Capitol Station, Austin, Texas 78711-2405.

# TABLE OF CONTENTS
## SUBJECT INDEX

SUBJECT:                                                                                                    PAGE:

Certificate of Interested Persons . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . ...…..…2-3

Identity of Judge, Parties, and Counsel…………………………………………..4

Table of Contents . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . ....5-6

      Subject Index . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . ...…..5

      Index of Authorities . . . . . . .. . . . . . . . . . . . . . . . . . . . …......7-8

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . .…..…....9-10

Statement of Procedural History. . . . .. . . . . .. . . . . . . . . . . . ….10-12

Summary of the Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . …...12

Grounds for Review .. . . . . . . . . . . . . . . . . . . . . . . . . . . . …....…..…12-14

Reasons for Review…………………………………………………………12-14

      GROUND FOR REVIEW NUMBER ONE . . . . . . . . . . . . . . . . . . . ..12-13

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ABUSED ITS DISCRETION BY ASSESSING PETITIONER AN UNREASONABLE SENTENCE UNDER THE CIRCUMSTANCES OF THIS CASE (ENTIRE RECORD).

      GROUND FOR REVIEW NUMBER TWO . . . . . . . . . .. . . . . . . . . ..13-14
THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO ALLOW THE PETITIONER TO RE-OPEN AND CALL AN ADDITIONAL WITNESS PRIOR TO CLOSING ARGUMENT (ENTIRE RECORD).

{Petition For Discretionary Review}

Statement Regarding Oral Argument……………………………………..…..14

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . …………..15

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . …..….15

Certificate of Compliance……………………………………………….....15

Appendix………………………………………………..……………..16

{Petition For Discretionary Review}

# TABLE OF CONTENTS
## INDEX OF AUTHORITIES

CASE:                                                                          PAGES:

Arriaga v. State, 335 S.W. 3d 331 (Tex. Civ. App.-2010, pet. ref'd)……….…...12

Dale v. State, 170 S.W. 3d 797 (Tex. Civ. App.-2005, no pet.)…..……..……...12

Ex Parte Franklin, 2007 WL 2403338 (Tex. Crim. App.-2007)..……..……….....12

Ex Parte Mabry, 137 S.W. 3rd 58 (Tex.Crim.App.-2004)………………………...12

Ex Parte Young, 418 S.W.2nd 824 (Tex.Crim.App.-1967)…………..…………12

Hurley v. State, 130 S.W.3rd 501 (Tex.Civ.App.-2004, no pet.…………………...12

Montgomery v. State, 810 S.W. 2d 372, 391-92 (Tex. Crim. App. 1991)………..13

Peek v. State, 106 S.W. 3d 72, 79 (Tex. Crim. App. 2003)………………………13

State v. Manusco, 919 S.W. 2d 86 (Tex. Crim. App.-1996)………………….....12

Sunbury v. State, 88 S.W. 3d 229, 234-235 (Tex. Crim. App. 2002)…..………....13

## CODES AND STATUTES

Tex. Penal Code § 12.35 (a)…………………………………………..…..12

Tex. Code Criminal Procedure § 36.02………………………………...……13

{Petition For Discretionary Review}

NO. 11-15-00076-CR

| | | |
|---|---|---|
| GILBERT REYES MORELOS PETITIONER, | }{ }{ | IN THE COURT |
| | }{ | |
| VS. | }{ | CRIMINAL APPEALS |
| | }{ | |
| THE STATE OF TEXAS | }{ | OF TEXAS |

PETITON FOR DISCRETIONARY REVIEW

TO THE COURT OF CRIMINAL APPEALS:

COMES NOW, **GILBERT REYES MORELOS**, the Petitioner in the above-styled and numbered causes, by and through his counsel of record on appeal herein, and submits in and to this Court his Petition for Discretionary Review on appeal herein complaining of errors of fact and law in the trial court below as follows:

For convenience, the Petitioner, **GILBERT REYES MORELOS**, and THE STATE OF TEXAS will hereinafter be referred to as the "Petitioner" and the "State" respectively throughout this Petition hereinafter:

STATEMENT OF THE CASE

On June 18, 2014, in Cause Number 3962, 50th Judicial District Court, Knox County, Texas Petitioner pled guilty to Intoxication Manslaughter, R.R. Vol. 3, P. 8, L. 25. On July 14, 2014, a contested hearing was had as to punishment herein,

9

{Petition For Discretionary Review}

R.R. Vol. 4, P. 1. (These hearing were before the Honorable William H. Heatly, Judge Presiding.) On December 8, 2014, Judge Juanita Pavlick, Judge Presiding by Assignment, sentenced Petitioner to 10 years in the Institutional Division of TDCJ, R.R. Vol. 5, P. 12, L. 24-P. 13, L. 12.

On March 31, 2015, an untimely Notice of Appeal was filed on behalf of Petitioner and on April 23, 2015, the Eleventh Court of Appeals dismissed the appeal for want of jurisdiction, SEE MEMORANDUM OPINION attached hereto as Appendix 1. On May 15, 2015, this Court of Criminal Appeals granted its EXTENSION OF TIME TO FILE PETITION FOR DISCRETIONARY REVIEW extending Petitioner's time to file same until June 24, 2015. This Petition For Discretionary Review is timely filed.

<u>STATEMENT OF PROCEDURAL HISTORY</u>

SEE the foregoing STATEMENT OF THE CASE and Appendix 1 which are included herein by reference.

On July 24, 2014, at the contested punishment hearing the State called the victim's brother, Sergeant First Class Anthony Carl Oudems who testified that: He was the brother of the victim killed in the accident, R.R. Vol. 4, P. 17, L. 10-20; that the sergeant's six year old daughter had a unique relationship with the victim and missed her uncle, R.R. Vol 4, P. 20, L. 14-L. 23; that he believed the Petitioner

should serve prison time but could not say how much time, R.R. Vol. 4, P. 26, L. 16-19.

The Petitioner called Cynthia Garcia, the Petitioner's common law wife to testify, R.R. Vol. 4, P. 28, L. 23-24. She testified that she and Petitioner had four children who lived with them, R.R. Vol. 4, P. 29, L. 12-19; that the occurrence in question was a bad accident, R.R. Vol. 4, P. 36, L. 21-25; that Petitioner hadn't consumed alcohol since the accident, R.R. Vol. 4, P. 38, L. 7-17; that Petitioner is the caregiver for their four children while she is at work and he is remorseful about the accident, R.R. Vol. 4, P. 43, L. 9-P. 45, L. 1; P. 49, L. 5-20.

Gilbert Morelos testified, R.R. Vol. 4, P. 52, L. 23: He has no other felony convictions of any kind, R.R. Vol. 4, P. 53, L. 18-23; he accepts responsibility for the accident, R.R. Vol. 4, P. 57, L. 15-23; that he has stopped drinking, R.R. Vol. 4, P. 58, L. 7-12; that he now attends AA meetings, R.R. Vol. 4, P. 65, L. 9-14.

On December 8, 2014, Judge Pavlick, Presiding By Assignment, conducted sentencing, R.R. Vol. 5. Prior to closing statements Petitioner asked to be allowed to reopen to put forth an additional witness whose identity he had discovered after the punishment hearing on July 24, 2014, R.R. Vol. 5, P. 4, L. 25-P. 5, L. 25. The Trial Court refused Petitioner's request citing the State's and Petitioner's agreement at the punishment hearing that all evidence was concluded, R.R. Vol. 5,

11

P. 6, L. 13-16. Judge Pavlick sentenced Petitioner to 10 years in TDCJ-ID, R.R.

Vol. 5, P. 12, L. 24-P. 13, L. 12.

## SUMMARY OF ARGUMENT

The Trial Court abused its discretion by assessing Petitioner an unreasonable

sentence under the circumstances of this case.

The Trial Court abused its discretion by refusing to allow Petitioner to

reopen prior to closing arguments at the sentencing hearing and tender his

additional witness' testimony.

## GROUNDS FOR REVIEW

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ABUSED ITS DISCRETION BYASSESSING PETITIONER AN UNREASONABLE SENTENCE UNDER THE CIRCUMSTANCES OF THIS CASE (ENTIRE RECORD).

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO ALLOW THE PETITIONER TO REOPEN AND CALL AN ADDITIONAL WITNESS PRIOR TO CLOSING ARGUMENT (ENTIRE RECORD).

## GROUND FOR REVIEW NUMBER ONE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ABUSED ITS DISCRETION BYASSESSING PETITIONER AN UNREASONABLE SENTENCE UNDER THE CIRCUMSTANCES OF THIS CASE (ENTIRE RECORD).

## REASONS FOR REVIEW

The part of this Petition entitled "Statement of the Case" and "Statement of Procedural History" are resubmitted here the same as if set forth herein verbatim.

The Trial Court abused its discretion when it assessed Petitioner 10 years in TDCJ-ID under the facts of this case, SEE Ex Parte Young, 418 S.W.2d 824 (Tex.Crim.App.-1967); State v. Manusco, 919 S.W. 2d 86 (Tex.Crim.App.-1996); Ex Parte Franklin, 2007 WL 2403338 (Tex.Crim.App.-2007). {The writer acknowledges that the 10 year sentence was within the statutorily prescribed range of punishment and the line of cases holding therefore it is prima facie reasonable, Tex. Penal Code § 12.35 (a); Ex Parte Mabry, 137 S.W. 3d 58 (Tex.Crim.App.-2004); Hurley v. State, 130 S.W. 3d 501 (Tex.Civ.App.-2004, no pet.); Dale v. State, 170 S.W.3d 797 (Tex.Civ.App.-2005, no pet.} But the facts of this case, mitigate strongly against the severity of the sentence imposed, Arriaga v. State, 335 S.W. 3d 331 (Tex. Civ. App.-2010, pet. ref'd).

Petitioner should be granted a new trial herein as to punishment.

## GROUND FOR REVIEW NUMBER TWO

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO ALLOW THE PETITIONER TO REOPEN AND CALL AN ADDITIONAL WITNESS PRIOR TO CLOSING ARGUMENT (ENTIRE RECORD).

## REASONS FOR REVIEW

The parts of this Petition entitled "Statement of the Case" and "Statement of Procedural History" are resubmitted here the same as if set forth herein verbatim.

Under Peek v. State, 106 S.W. 3d 72, 79 (Tex. Crim. App. 2003): "A trial judge is required to reopen a case under TCCP P. 36.02 if the proffered evidence is "necessary to a due administration of justice," which means a judge should reopen the case if the evidence would materially change the case in the proponent's favor. To do otherwise in such a situation is an abuse of discretion, Montgomery v. State, 810 S.W. 2d 372, 391-92 (Tex. Crim. App. 1991).

Unfortunately in this case there is no proffer of what the testimony would be, only a proffer of the witness. However, as this was at the punishment phase "any evidence' which aids in the proper assessment of punishment should be admitted, Sunbury v. State, 88 S. W. 3d 229, 234-235 (Tex. Crim. App. 2002).

Petitioner should be granted a new trial herein as to punishment.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not thought necessary herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Petitioner respectfully prays that Petitioner be granted a new trial herein as to punishment.

Respectfully submitted by,

/s/ Earl Griffin, Jr.
EARL GRIFFIN, JR.
ATTORNEY FOR APPELLANT
P.O. Box 730
Hall, Texas 79201
(940) 937-6474
(940) 937-6020 Fax
State Bar No. 08471000
egriffinattorney@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Petitioner's Petition for Discretionary Review has been mailed CMRRR# 7011 3500 0002 4075 1992 the counsel for the state herein, Mr. David Hajek, 50th District Attorney, PO Box 508, Seymour, Texas 79602-1403, and CMRRR # 7011 3500 0002 4075 1985 to Ms. Lisa C. McMinn, State Prosecuting Attorney at P.O. Box 12405, Capital Station, Austin, Texas 78711, on this the 23rd day of June 2015, in accordance with the rules governing same.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Petitioner's Petition for Discretionary Review is 1,232 words in its completion, signed on this the 23rd day of June, 2015, in accordance with the rules governing same.

ATTORNEY FOR PETITIONER

APPENDIX


1.      Judgment and Memorandum Opinion, Eleventh Court of Appeals of Texas



## In The

# Eleventh Court of Appeals

## No. 11-15-00076-CR

## GILBERT REYES MORELOS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Knox County, Texas**
**Trial Court Cause No. 3962**

## MEMORANDUM OPINION

Gilbert Reyes Morelos, Appellant, filed an untimely notice of appeal from a conviction for intoxication manslaughter. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on December 8, 2014, and that his notice of appeal was filed in the district clerk's office on March 31, 2015. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed. We requested that Appellant respond to our letter and show grounds to continue. In response to our letter, Appellant has filed a motion

to extend the time to file his notice of appeal. Appellant attached documentation to his motion that indicates that appellate counsel was not appointed in a timely manner.

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's motion for new trial was not timely as it was filed on February 2, 2015, and that Appellant's notice of appeal was filed with the clerk of the trial court 113 days after his sentence was imposed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Neither the notice of appeal nor the motion for extension were filed within the fifteen-day period permitted by TEX. R. APP. P. 26.3. This court, as an intermediate appellate court, has no jurisdiction to grant an out-of-time appeal or to grant an untimely motion for extension; the Texas Court of Criminal Appeals is the only court with jurisdiction in final postconviction felony proceedings. *Olivo*, 918 S.W.2d at 522–24, 525 n.8; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

This appeal is dismissed for want of jurisdiction.

April 23, 2015                                           PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2



# 11TH COURT OF APPEALS

## EASTLAND, TEXAS

## JUDGMENT

Gilbert Reyes Morelos,

           * From the 50th District Court
              Of Knox County,
              Trial Court No. 3962.

Vs. No. 11-15-00076-CR

           * April 23, 2015

The State of Texas,

           * Per Curiam Memorandum Opinion
              (Panel consists of: Wright, C.J.,
              Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that the appeal should be dismissed for want of jurisdiction. Therefore, in accordance with this court's opinion, the appeal is dismissed.

C

    Texas Rules of Appellate Procedure
        ᴿ▣ Section Five. Proceedings in the Court of Criminal Appeals
            ᴿ▣ Rule 68. Discretionary Review with Petition (Refs & Annos)
                ➡➡ **68.1. Generally**

On petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case.

CREDIT(S)

Eff. Sept. 1, 1997.

Current with amendments received through 3/15/2015

(C) 2015 Thomson Reuters

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

**C**

Vernon's Texas Rules Annotated Currentness
  Texas Rules of Appellate Procedure
    ⌐▣ Section Five. Proceedings in the Court of Criminal Appeals
      ⌐▣ Rule 68. Discretionary Review with Petition (Refs & Annos)
      →→ **Rule 68.2. Time to File Petition**

(a) *First Petition.* The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.

(b) *Subsequent Petition.* Even if the time specified in (a) has expired, a party who otherwise may file a petition may do so within 10 days after the timely filing of another party's petition.

(c) *Extension of Time.* The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition. The Court of Criminal Appeals may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

CREDIT(S)

Eff. Sept. 1, 1997. Amended by Court of Criminal Appeals July 12, 2011, eff. Sept. 1, 2011.

Current with amendments received through 3/15/2015

(C) 2015 Thomson Reuters

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

C

Vernon's Texas Rules Annotated Currentness
  Texas Rules of Appellate Procedure
    ▸▤ Section Five. Proceedings in the Court of Criminal Appeals
      ▸▤ Rule 68. Discretionary Review with Petition (Refs & Annos)
        ➔➔ **68.3. Where to File Petition**

(a) The petition and all copies of the petition must be filed with the clerk of the Court of Criminal Appeals.

(b) *Petition filed in Court of Appeals.* If a petition is mistakenly filed in the court of appeals, the petition is deemed to have been filed the same day with the clerk of the Court of Criminal Appeals, and the court of appeals clerk must immediately send the petition to the clerk of the Court of Criminal Appeals.

CREDIT(S)

Eff. Sept. 1, 1997. Amended by Court of Criminal Appeals July 12, 2011, eff. Sept. 1, 2011.

Current with amendments received through 3/15/2015

(C) 2015 Thomson Reuters

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

**Physical Location**

Court of Criminal Appeals
Supreme Court Building
201 West 14th Street, Room 106
Austin, Texas 78701
Map

**Mailing Address**

Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

**Contact By Telephone**

Telephone: (512) 463-1551

Fax: (512) 463-7061

**Hours of Operation**

Monday - Friday (8:00 a.m. - 5:00 p.m.)

**Contact Personnel**

**Clerk of the Court:** Abel Acosta